Robert A. Mosier, Esq.
California Bar No. 164241
rmosier@dunnsheehan.com
Holly Mosier, Esq.
California Bar No. 176488
hmosier@dunnsheehan.com
**Dunn Sheehan LLP**
100 Wilshire Building
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

Connor G. Sheehan, Esq.*
Texas Bar No. 24046827
csheehan@dunnsheehan.com
**DUNN SHEEHAN LLP**
5910 N. Central Expressway, Suite 1310
Dallas, Texas 75206
Phone: 214.866.0077
*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJA BRYANT AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRIS SAVAGE, DECEASED, AND AS GUARDIAN AD LITEM FOR J.S., MINOR CHILD, <br><br> Plaintiffs, <br><br> vs. <br><br> CASPER PHARMA LLC, <br><br> Defendant. | Case No.: 2:25-cv-05355-JLS <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

The parties to this Stipulated Confidentiality Agreement and Protective Order have agreed to the terms of this proposed Order. Accordingly, it is ORDERED:

1. **<u>Scope and Good Cause Statement.</u>** All documents produced in the course of discovery, all responses to discovery requests, all deposition testimony and exhibits, and other materials that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Stipulated Confidentiality Agreement and Protective Order ("Protective Order") as set forth below. This Protective Order is subject to the Local Rules of the Central District of California, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The Parties acknowledge that this Stipulated Confidentiality Agreement and Protective Order does not entitle them to automatically file confidential information under seal. Civil Local Rule 79-5 sets forth the procedure that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information including information implicating privacy rights of third parties), information

otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

    2.    **Form and Timing of Designation.** A Party to this litigation (as identified on the case caption above) may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents that may be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any Party may designate documents as CONFIDENTIAL – SUBJECT TO PROJECTIVE ORDER but only after review of the documents by an attorney or a Party appearing *pro se* who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, Plaintiffs' medical information and records, trade secrets, personnel records, or commercial or other business information. Information or documents that are available in the public sector with consent of a Party may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER until thirty (30) days from the date of delivery of the deposition transcript by the court reporter. Within this time period, a Party may serve a Notice of Designation to all parties of record as to specific portions of the testimony, including any information contained therein or

within an exhibit not previously designated as Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition, unless the Parties otherwise agree or the Court otherwise orders. Reasonable requests for extension of time shall not be refused.

5. **Protection of Confidential Material.**

**a) General Protections.** Documents designated CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶5(b) for any purpose whatsoever other than (i) to prepare for and to conduct discovery, including use at depositions, (ii) with expert and fact witnesses, including in expert witness disclosures, reports, and depositions, (iii) for use in motions and other Court filings consistent with this Protective Order, and (iv) at trial in this action as well as any appeal thereof.

**b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following

categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

 1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and/or trial of the action;

 2) **Parties.** Parties and employees of a Party to this Order, including in-house counsel for the Party and employees working with in-house counsel for the Party;

 3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

 4) **Court.** The Court, the Court's staff, witnesses, and the jury in this case.

 5) **Vendors and Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, but only after each such person has completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound; and

 6) **Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed or retained by the Parties or counsel for the parties to assist in the preparation and/or trial of this action but only after such persons have completed the certification

contained in Attachment A, Acknowledgment and Agreement to be Bound

    **7)**     **Deponents and Fact Witnesses.** Deponents, fact witnesses, and medical care providers but only after: (a) counsel determines in good faith that the person's assistance with respect to the specific document(s) disclosed is reasonably necessary; and (b) each such person(s) have completed the certification contained in Attachment A, Acknowledgement and Agreement to be Bound.

    **c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals and/or copies of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing and shall maintain a list of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER provided to each such person. In the event the Party that originally designated document(s) as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER seeks to compel production of the executed Attachment A, Acknowledgment and Agreement to be Bound, for good cause, the Receiving Party shall submit each executed Exhibit A and list to the Court for *in camera* inspection.

**d) Copies.** Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**e) Inadvertent Production.** Any Party who inadvertently fails to mark documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall, upon discovering the oversight, provide written notice of the error and substitute appropriately designated documents. Any Party receiving such improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents. The inadvertent production by any Party shall not result in a waiver of any of the foregoing protections or any applicable privilege,

immunity, or confidential designation for the inadvertently produced document or any other document produced in this matter.

**6.    Redaction of Documents.** Any producing Party may use black-out redactions for trade secrets, material protected from disclosure by the attorney-client privilege or the work product doctrine, and information designated as protected patient identifying information or confidential customer information (i.e., customer names and addresses). The redacting Party shall indicate for each redaction the reason for redaction, including "Redacted – Privacy," "Redacted – Privilege" or other similar language, and shall use a white box with black outline and the applicable verbiage. Any producing Party may also redact the names and any information that would identify the voluntary reporter or any other person associated with an adverse event involving a human drug, biologic, or medical device product, and any other privacy-related information that is required to be redacted by law and/or protected from disclosure by statute. If there is a dispute whether any redacted material qualifies for redaction under this paragraph, counsel may move for ruling, which may require this Court's *in camera* inspection of a document on the issue of whether certain information is entitled to redaction.

**7.    Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Before any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER is filed with the Clerk, the Party filing the

document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing Party shall first consult with the Party that originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that Party, a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, the parties shall comply with the Local Rules for the Central District of California, which provide procedures for filing records under seal.

   8.   **No Greater Protection of Specific Documents.** Nothing in this Order precludes a Producing Party from seeking the entry of a separate order to govern materials for which additional protection is needed. To the extent a Party identifies documents or information that the Party believes requires protection greater than that afforded by this Order, such Party will identify the documents or information and will meet and confer with the requesting Party in an effort to reach an agreement. If an agreement cannot be reached, the producing Party may not withhold information from discovery unless the party moves for an order providing such special protection.

   9.   **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any Party. The following procedure shall apply to any such challenge:

   a) **Objection to Confidentiality.** At any time after receipt of any document

designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or of the refusal to produce a document on the ground of such designation, a Party may serve upon the designating Party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to which objection has been made shall remain CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER until designated otherwise by agreement or order of the Court. The objection shall include a request to meet and confer with the designating party.

**b) Obligation to Meet and Confer.** The objecting Party and the Party that designated the documents to which objection has been made shall meet and confer in a good faith effort to resolve the objection by agreement and follow the procedures identified in Local Rule 79-5.

**c) Obligation to File Motion.** In the absence of agreement as to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to which an objection has been made, the designating Party may, at any time, file a motion to retain the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. The designating Party has the burden to show good cause for the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation.

**10.    Use of Confidential Documents or Information at Trial.** In the event any Confidential Information is used in any pretrial or discovery proceeding in this action, it shall not lose its confidential status through such use. Any counsel showing Confidential Information to a witness at trial shall have a good faith basis for making the disclosure and shall act in good faith.

**11.    Obligations on Conclusion of Litigation.**

**a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**b) Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing Party or destroyed unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. The parties agree that consent to destruction under subpart (2) in the previous sentence shall not be unreasonably withheld. Notwithstanding the above requirements to return

or destroy documents, counsel may retain their own attorney work product, including an index that refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under state law or local rules until such time as the Court may rule on a specific document or issue.

14. **Waiver or Modification.** This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected.

**15.     Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties and their successors, executors, personal representatives, administrators, heirs, legal representatives or assigns, and persons made subject to this Order by its terms.

**IT IS STIPULATED**

Date: September 17, 2025

DUNN SHEEHAN LLP

By: */s/ Connor G. Sheehan*
Connor G. Sheehan, Esq.*
Robert A. Mosier, Esq.
Holly Mosier, Esq.
*Attorneys for Plaintiffs*

Date: September 17, 2025

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Michael J. Hurvitz*
Michael J. Hurvitz
Mariah K. Emmons
*Attorneys for Defendant*

**IT IS ORDERED.**

Date: September 19, 2025

Patricia Donahue
United States Magistrate Judge